IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN J. ICKES, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:15-cv-00907-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| FERNANDO CASTELE, | ) |
| P.A. BROOKS, | ) |
| DR. HARVEY, | ) |
| ADMINISTRATOR BAGWELL, | ) |
| NURSE CUNNINGHAM, | ) |
| NURSE HARBORSON, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
|                 Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff Kevin Ickes is currently incarcerated at the United States Penitentiary at Marion, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Ickes has filed a civil rights action against the United States of America and various medical staff at Marion, alleging that the decision to remove his "no prolonged standing" restriction for two years violated the Eighth Amendment and constituted medical malpractice. (*Id.* at 6-7.) Ickes seeks monetary damages. (*Id.* at 8.)

    This matter is now before the Court for a preliminary review of Ickes's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is

frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

According to Ickes's complaint, Ickes was placed on a "no prolonged standing" restriction "many years ago" due to spinal disc bulges, degeneration, and other spinal issues. (*Id.* at 6.) When he was subsequently incarcerated in federal prison, Ickes provided his medical records to prison staff, and his "no prolonged standing" restriction was continued. (*Id.*) Four years later, on August 21, 2013, prison medical staff at Marion reviewed Ickes's medical status and removed his restriction. (*Id.*) Ickes claims that his medical ailments had not changed, and that the decision was completely arbitrary. (*Id.*) As a result, he endured approximately two years of escalating pain and worsening spinal problems, as he was forced to stand in various lines at Marion. (*Id.*) Ickes filed three grievances and a tort claim with the Bureau of Prisons concerning the decision; the grievances were evidently denied and the tort claim was rejected. (*Id.*) However, on May 6, 2015, Ickes's standing restriction was reinstated. (*Id.*)

On August 14, 2015, Ickes filed a civil rights action in this Court. (*Id.* at 1.)

## Discussion

Ickes's complaint focuses on a *Bivens* claim under the Eighth Amendment, so the Court will start there (**Count 1**). To state a medical claim under the Eighth Amendment, a prisoner must allege that defendants were "deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This claim involves a two-part inquiry: the plaintiff must first show that his condition "was objectively serious," and must then demonstrate that "state officials acted with deliberate indifference" to that condition. *Id.*

For screening purposes, Ickes has alleged the existence of an objectively serious medical condition. An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Ickes's spinal conditions arguably qualify as serious, and that is enough for screening.

While Ickes has alleged the existence of a serious medical condition, it is a close case as to whether he has alleged that the named defendants were indifferent to his medical needs. Ickes says that the named defendants and others unknown to him at this time were present during a meeting to discuss his standing-related restriction in 2013, and that the parties present "collectively" reviewed his medical file and "without justification" removed his standing-related restriction. Given the Court's obligation to construe *pro se* complaints liberally, this is just enough to allege arguable personal involvement on the part of the named defendants and the unknown parties, at least for purposes of preliminary screening review. In addition, the failure to abide by a necessary medical permit can constitute interference with "treatment once prescribed," depending on the circumstances of the refusal. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Accordingly, **Count 1** may proceed through preliminary screening review as to Castele, Brooks, Harvey, Bagwell, Cunningham, Harborson, and the unknown parties.

Ickes also claims that Castele, Brooks, Harvey, Bagwell, Cunningham, and Harborson engaged in "medical malpractice" against him, and he has filed a claim under the Federal Tort

Claims Act against the United States concerning this conduct (**Count 2**). Cases brought under the Federal Tort Claims Act are governed by the substantive law of the place where the alleged acts or omissions constituting negligence occurred, here Illinois. *See* 28 U.S.C. § 1346(b); *Richards v. United States*, 369 U.S. 1, 10 (1962); *Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996). To bring a "medical, hospital, or other healing art malpractice" claim in Illinois, a litigant must file an affidavit indicating (1) that he has consulted with a medical professional who has written a report deeming the claim meritorious; (2) that the plaintiff was unable to obtain a report prior to the expiration of the limitations period; or (3) that the plaintiff has requested the records necessary to obtain a written merit report and the party required to comply has not produced those records. *See* 735 ILL. COMP. STAT. 5/2-622(a). Here, Ickes has not filed any state law merit affidavit with his claim, so **Count 2** must be dismissed without prejudice.

Two other closing matters deserve attention. First, with his complaint, Ickes asked the Court to recruit counsel to assist him with his case. Shortly thereafter, Ickes also filed a motion asking the Court to reconsider its denial of his request to proceed as a pauper; Ickes conceded that he could afford the filing fee but claimed that he could not afford counsel. Ickes' motion for counsel will be referred to the magistrate judge for consideration. His motion for reconsideration must be denied because pauper status was properly rejected for filing fees and costs at the outset of Ickes's case. That said, the initial denial of pauper status will not preclude the magistrate judge from evaluating Ickes's financial means during his assessment of Ickes's motion for counsel and from attempting to recruit counsel if Ickes is indigent and the other requirements for counsel are met. To permit the magistrate judge to evaluate Ickes' finances, Ickes will be ordered to provide an updated trust fund account statement from his current federal prison.

Second, Ickes has named a number of unknown parties in this case, and those parties must be identified with particularity before service of the complaint can occur on any of them. Where a prisoner's complaint states specific allegations describing the conduct of unknown prison staff sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the Unknown Parties will be set by the magistrate judge, so that Ickes can identify those individuals. Once the Unknown Parties are identified, Ickes shall file a motion to substitute the named individuals with the Unknown Party designates.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **CASTELE**, **BROOKS**, **HARVEY**, **BAGWELL**, **CUNNINGHAM**, **HARBORSON**, and the **UNKNOWN PARTIES**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice**. Because there are no further claims against it, the **UNITED STATES OF AMERICA** is **DISMISSED without prejudice** from this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **CASTELE**, **BROOKS**, **HARVEY**, **BAGWELL**, **CUNNINGHAM**, and **HARBORSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take steps

to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Service shall not be made on the Unknown Party defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  It is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are ordered to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **REFERRED** to a United States Magistrate Judge for further consideration. In addition, consistent with the Court's statements above, Plaintiff's motion for reconsideration of the Court's initial denial of his motion to proceed as a pauper (Doc. 7) is **DENIED**. To assist the magistrate judge in evaluating Ickes's motion for counsel, Ickes is **DIRECTED** to send an updated prisoner trust fund account statement from his current prison.

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.

**IT IS SO ORDERED.**

**DATED: September 30, 2015**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
