### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| **KEVIN J. ICKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No. 15-cv-00907–JPG–SCW |
| | ) | |
| **FERNANDO CASTELE,** | ) | |
| **P.A. BROOKS,** | ) | |
| **DR. HARVEY,** | ) | |
| **ADMINISTRATOR BAGWELL,** | ) | |
| **NURSE CUNNINGHAM,** | ) | |
| **NURSE HARBORSON, and** | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### INTRODUCTION

This matter comes before the Court on Defendants Harvey, Bagwell, Cunningham, and Harborson's Motion for Summary Judgment. (Doc. 36.) Plaintiff Kevin Ickes has filed a response to the Motion. (Doc. 41.) The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendants' Motions for Summary Judgment. (Doc. 36.)

#### FINDINGS OF FACT

Plaintiff filed a Complaint in this case on August 14, 2015. (Doc. 1.) According to Plaintiff's Complaint, Ickes was placed on a "no prolonged standing" restriction while serving in

the military due to spinal disc bulges, degeneration, and other spinal issues. (Doc. 1, p. 6; Doc. 9, p. 2.) When he was subsequently incarcerated in federal prison, Plaintiff provided his medical records to prison staff, and his "no prolonged standing" restriction was continued. (*Id.*) Four years later, on August 21, 2013, the prison medical staff at Marion had a "health services meeting", where the staff reviewed Plaintiff's medical status and removed his "no prolonged standing" restriction. (*Id.*) Plaintiff claims that "no circumstances warranted the removal" of the restriction, and that the decision was completely arbitrary. (*Id.*) As a result of the medical staff's decision, Plaintiff alleges that he was forced to stand for long periods of time in various lines at Marion, which caused him to endure escalating pain and worsening spinal problems. (*Id.*) Plaintiff filed three grievances and a tort claim with the Bureau of Prisons concerning the decision; the grievances were denied and the tort claim was rejected. (*Id.*) On May 6, 2015, Plaintiff's "no prolonged standing" restriction was reinstated. (*Id.*) Plaintiff subsequently filed his Complaint, alleging deliberate indifference to his serious medical needs and medical malpractice. (Doc. 1, p. 6.)

In conducting its review under 28 U.S.C. § 1915A, the Court narrowed Plaintiff's claims to two counts: (**Count 1**) a *Bivens* claim under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical needs against Defendants Castele, Brooks, Harvey, Bagwell, Cunningham, Harborson, and the unknown parties; (**Count 2**) a claim under the Federal Tort Claims Act ("FTCA") for negligent medical care against the United States. (Doc. 9, pp. 3-4.) Plaintiff's FTCA claim against the United States was ultimately dismissed without prejudice for failure to provide the required state law merit affidavit pursuant to 735 ILCS 5/2-622(a). (Doc. 9, p.4.) Thus, the only claim that remains is Plaintiff's deliberate indifference claim, Count 1.

In response to Plaintiff's Complaint, all Defendants filed an Answer. (Doc. 35.) Additionally, Defendants Harvey, Bagwell, Cunningham, and Harborson filed a Motion for Summary Judgment on the basis of immunity. (Doc. 36.) In the Motion, Defendants argued that they are immune from suit in their individual capacity as United States Public Health Service ("USPHS") officers. (Doc. 36.) **See 42 U.S.C. § 233(a).** To support their Motion, Defendants submitted a declaration of Captain George Durgin as Exhibit A in their Motion. (Doc. 36-1.) In Exhibit A, Captain George Durgin is identified as the Commissioned Corps Liaison, Recruitment and Staffing Section, Health Services Division of the Federal Bureau of Prisons. (Doc. 36-1, p.1.) As the Commissioned Corps Liaison, Captain Durgin explains that he has access to the "billet descriptions and detail history of all USPHS officers who were detailed to the BOP." (Doc. 36-1, p.1.) Captain Durgin states that Defendants Harvey, Bagwell, Cunningham, and Harborson were active duty commissioned officers of the USPHS at Marion during the events described by the Plaintiff. (Doc. No. 36–1, p.2.) Based on the declaration of Captain Durgin, Defendants Harvey, Bagwell, Cunningham, and Harborson argue that they are immune from suit in their individual capacities. (Doc. 36, p.4.)

In his response to Defendants' Motion, Plaintiff concedes that the Defendants' Motion for Summary Judgment should be granted as to the basis of immunity. (Doc. 41.) However, Plaintiff argues that the immunity of Defendants Harvey, Bagwell, Cunningham, and Harborson is the reason that the Unites States should be reinstated as a Defendant under the FTCA. (Doc. 41, p.2.) Previously, Plaintiff filed a Motion to Reinstate the United States of America as a Defendant on October 19, 2015 as a response to the Court's dismissal of Count 2 of his Complaint. (Doc. 22; Doc. 9, p.4.) The Court denied Plaintiff's Motion on March 8, 2016. (Doc.

44.) Once again, the Plaintiff argues that the United States should be reinstated as a Defendant, while responding to the Defendants' Motion. (Doc. 41, p.2.)

CONCLUSIONS OF LAW

**A. Summary Judgment Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions. The rule states that summary judgment is appropriate only if the admissible evidence considered as a whole shows there is no genuine issue as to any material fact, and then movant is entitled judgment as a matter of law. ***Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (*citing* Fed. R. Civ. P. 56(a)).** The party seeking summary judgment bears the initial burden of demonstrating – based on the pleadings, affidavits and/or information obtained via discovery – the lack of any genuine issue of material fact. ***Celotex Corp. v. Catrett*, 477 U.S. 317 323 (1986).** After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* Fed. R. Civ. P. 56(e)(2)).** A fact is material if it is outcome determinative under applicable law. ***Anderson*, 477 U.S. at 248; *Ballance v. City of Springfield, Ill. Police Dep't*, 424 F.3d 614, 616 (7th Cir. 2005).**

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson*, 477 U.S. at 248.** In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. ***Id*. at 255.** The Court adopts reasonable inferences and resolves doubts, in the nonmovant's favor**. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).**

**B. Analysis**

Defendants Harvey, Bagwell, Cunningham, and Harborson assert that at the time of the events described by Plaintiff, they were employees of the USPHS and are therefore immune from Plaintiff's *Bivens* claims based on 42 U.S.C. § 233(a). The statute provides that a claim under the FTCA is the exclusive remedy for damages for personal injury resulting from the performance of medical functions by a commissioned officer or employee of the USPHS while acting within the scope of his/her office or employment. **42 U.S.C. § 233(a).** Additionally, in *Hui v. Castaneda*, the Supreme Court held that 42 U.S.C. § 233(a) (Public Health Service Act) precludes *Bivens* actions against PHS personnel for constitutional violations arising out of their official duties. ***Hui v. Castaneda*, 559 U.S. 799, 813 (2010).**

As the Supreme Court pointed out in *Hui*, "immunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties." ***Hui*, 559 U.S. at 811.** Defendants Harvey, Bagwell, Cunningham, and Harborson have offered an affidavit indicating that they are USPHS officers. (Doc. 36-1, p. 2-3). Captain George Durgin, states by affidavit that Defendants Harvey, Bagwell, Cunningham, and Harborson are commissioned officers of USPHS. (*Id.*). In their Motion, the Defendants also argue that their decision to remove Plaintiff from his "no prolonged standing" restriction fell within the scope of their employment as Service officers. (Doc. 36, p. 4.)

While Plaintiff did respond to Defendants' Motion, he concedes that Defendants Harvey, Bagwell, Cunningham, and Harborson are immune from his *Bivens* claims but argues that the United States of America should be reinstated as a defendant. (Doc. 41.) Bringing in the separate issue of reinstatement is not proper while responding to Defendants' Motion for Summary Judgment. It is important for all parties to follow the procedures that govern the court process.

Plaintiff has already filed a Motion to Reinstate, which the Court denied on March 8, 2016. (Doc. 22; Doc. 44.) Therefore, the Court will not take up the issue of reinstatement at this time. Plaintiff's concession regarding the immunity of Defendants Harvey, Bagwell, Cunningham, and Harborson is consistent with the case law articulated above.

Based on Plaintiff's Complaint and construing the allegations in the light most favorable to Ickes, he has failed to allege any facts that would allow this Court to conclude that Defendants Harvey, Bagwell, Cunningham, and Harborson were acting outside the scope of their duties when they made the decision to remove Plaintiff from the "no prolonged standing" restriction. In fact, it can be said that the decision taken by Defendants Harvey, Bagwell, Cunningham, and Harborson was explicitly carried out within the scope of their employment as active duty commissioned officers of the USPHS. Therefore, Defendants Harvey, Bagwell, Cunningham, and Harborson are immune from Plaintiff's *Bivens* claims (Count 1) pursuant to 42 U.S.C. § 233(a).

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court find that Defendants Harvey, Bagwell, Cunningham, and Harborson are immune from suit in their individual capacities as officers of USPHS, **GRANT** their Motion for Summary Judgment (Doc. 36), and **DISMISS** the claims against them.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th**

**Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **July 18, 2016.**

**IT IS SO ORDERED.**
**DATE: <u>June 29, 2016</u>**                              /s/ *Stephen C. Williams*
                                                                         **Stephen C. Williams**
                                                                         United States Magistrate Judge